UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEE CANADA,<br><br>    Plaintiff,<br><br>    v.<br><br>HEIKEL, et al.,<br><br>    Defendants. | No. 2:17-cv-1235 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants refused to provide him with medical care in violation of his Eighth Amendment rights and retaliated against him in violation of his First Amendment rights. Presently before the court is plaintiff's complaint for screening (ECF No. 1) and his motion to proceed in forma pauperis (ECF No. 11). For the reasons set forth below the court will grant plaintiff's motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## SCREENING

### I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more that "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

**II.      Allegations in the Complaint**

Plaintiff claims that the events giving rise to this action occurred while he was incarcerated at California Medical Facility ("CMF"). On December 11, 2016, he informed defendants Asher, Cabigas, and Heikel he was having chest pains and they denied him treatment. (ECF No. 1 at 4.) He also claims Chilson, Cabigas, Heikel, and Asher denied him an electrocardiogram ("EKG") and refused to take his vital signs.

////

Plaintiff alleges staff retaliated against him because plaintiff missed taking his blood pressure and cholesterol medication. Plaintiff further alleges he was retaliated against because he filed an administrative appeal, that staff falsified documents because plaintiff told them he was going to file a complaint with the "Coleman Project Team," and defendants gave inmates false names when they were threatened with inmate complaints.

### III. Does Plaintiff State a Claim under 42 U.S.C. § 1983?

#### A. Legal Standards Under the Eighth Amendment

"Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to that need was deliberately indifferent." Jett, 439 F.3d at 1096 (internal citations and quotations omitted). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994). However, negligence in diagnosing or treating a medical condition does not give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Moreover, a difference of opinion between

////

4

the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

### B. Analysis

Plaintiff has stated that he notified defendants that he was having chest pains, and claims they were indifferent to this need because they did not provide him with any medical attention. However, plaintiff has not pled any facts showing that he was harmed by defendants' refusal to provide him with medical attention on December 11, 2016. A mere delay in medical treatment, without a showing of resulting harm, is insufficient to support a deliberate indifference violation. Wood, 900 F.2d at 1335; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Isolated incidents relative to a plaintiff's overall treatment suggests no deliberate indifference. McGuckin, 974 F.2d at 1060. Accordingly, the allegations in the complaint are not sufficient to state a claim against defendants for deliberate indifference to his medical needs in violation of the Eighth Amendment because plaintiff has failed to state any facts showing he was harmed by defendants' failure to provide treatment on one occasion.

### C. Legal Standards for Retaliation in Violation of the First Amendment

Allegations of retaliation against a prisoner's First Amendment rights may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011) overruled on other grounds as stated in Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). "Within the prison context, a viable claim of retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

////

5

**D. Analysis**

Plaintiff has alleged officers retaliated against him after he refused to take his medication by later refusing to provide plaintiff with medical attention when he complained of chest pains. Plaintiff also states defendants retaliated against him after he stated he was going to file a complaint. However, it is unclear to the court whether plaintiff's statement that he was going to file a complaint came before defendants refused to provide him with medical treatment or if his threats came after this incident. Further, the complaint does not state which specific individuals were involved in the retaliatory actions.

The Civil Rights Act (42 U.S.C. § 1983) requires that there be an actual connection or link between the actions of defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). To state a claim for relief under § 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Plaintiff must clearly identify which defendants he feels are responsible for each violation of his constitutional rights and the factual basis. His complaint must put each defendant on notice of plaintiff's claims against him or her. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004). Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not support essential elements of the claim that were not initially pled. Id. Accordingly, plaintiff's retaliation claim will also be dismissed with leave to amend because he has failed to clearly allege facts showing he was retaliated against because of his participation in protected conduct and he has failed to state which specific defendants were involved in the retaliation.

# AMENDING THE COMPLAINT

As set out above, plaintiff fails to state a cognizable claim and he will be given the opportunity to amend the complaint.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema
////

N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 11) is granted;
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint is dismissed with leave to amend.
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."
5. Failure to comply with this order will result in a recommendation that this action be dismissed, and

////

////

////

////

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: October 3, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB: 12
DLB1/prisoner-civil rights/cana1235.scrn